# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JONATHON RUSSO,

    Plaintiff,

vs.

                            Case No. 3:18-cv-267-J-34PDB

MEDICREDIT, INC., et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on February 20, 2018, by filing a two-count Complaint (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count II of the Complaint incorporates by reference all allegations of all the preceding count. See Complaint at 4.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").[1] Accordingly, it is hereby

---

[1] The Court also notes that Plaintiff names fictitious parties, "Does 1-10," as defendants to this action. See Complaint at 1. Plaintiff identifies these Doe Defendants as "individual collectors employed by MediCredit." Id. at 2. "As a general matter, fictitious-party pleading is not permitted in federal court." See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). However, the Eleventh Circuit Court of Appeals does recognize a "limited exception to this rule" where "the plaintiff's description of the defendant is so specific" that the use of the name Doe is "'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Thus, in Dean, the Eleventh Circuit found that the exception applied where the pro se plaintiff provided a description of the John Doe defendant that "was sufficiently clear to allow service of process" on the correct individual. See Dean, 951 F.2d at 1216. As such, in his amended complaint, Plaintiff should either omit the Doe Defendants or provide additional allegations specifically describing who they are such that they may be identified for service of process. See Richardson, 598 F.3d at 738 (finding that a description of the John Doe defendant as a guard at the Charlotte Correctional Institute (CCI) was "insufficient to identify the defendant among the many guards employed at CCI").

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **March 9, 2018**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on February 23, 2018.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties